UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENTUCKY FUEL CORP.                                    CIVIL ACTION

VERSUS                                                 NO: 13-6538

CELTIC MARINE CORP.                                    SECTION: "J" (2)


ORDER & REASONS

Before the Court is Celtic Marine Corporation ("Celtic")'s **Motion for Summary Judgment (Rec. Doc. 40)**, Kentucky Fuel Corporation ("KFC")'s opposition to the motion (Rec. Doc. 43), Celtic's reply memorandum (Rec. Doc. 48), and KFC's sur-reply memorandum (Rec. Doc. 54) The motion was set for hearing on May 7, 2014, on the briefs. Also before the Court, on an expedited basis, is Celtic's Motion to Strike Memorandum in Opposition (Rec. Doc. 46) and KFC's opposition thereto. (Rec. Doc. 52) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion for summary judgment should be **GRANTED IN PART** and that the motion to strike should be **DENIED AS MOOT** for the reasons set forth more fully below.

1

**FACTS AND PROCEDURAL BACKGROUND**

This matter arises from contracts between Celtic and KFC to arrange for the transport of KFC's metallurgical coal in barges along inland rivers. The Court is well-acquainted with the facts of this matter, thus only the pertinent facts will be briefly summarized below. For a more thorough recitation of the facts, see the Court's Order and Reasons dated September 18, 2013. (Justice Rec. Doc. 104)[1]

This litigation commenced when Celtic filed suit against Justice for breach of contract in 2011, Civil Action 11-3005 (the "Justice litigation"). The matter was resolved in February 2012 via a settlement agreement. (Justice Rec. Doc. 9) Then, in October 2012, another settlement agreement was confected. In January 2013, alleging that Justice had breached the settlements, Celtic successfully moved the Court to re-open the matter to enforce the settlement agreements. (Justice Rec. Docs. 11, 46)

In September 2013, the Court entered a partial final judgment in the Justice litigation in favor of Celtic, leaving some issues to be resolved after further briefing. (Justice Rec. Doc. 105) Notably, one of the issues on which the Court declined to rule was whether Celtic's alleged negligence in handling KFC's

---

[1] References to documents from the Justice litigation's docket will be denoted as "Justice Rec. Doc."and references to documents from the KFC litigation's docket will be denoted  "KFC Rec. Doc."

2

coal relieved KFC/Justice of its obligation to pay demurrage. (Justice Rec. Doc. 104, pps. 19-20) Following several motions to amend the judgment based on the precise dollar amount owed, the Court subsequently entered amended partial final judgments in November 2013 and March 2014. (Justice Rec. Docs. 121, 136, 145) Justice appealed those judgments, and its appeal is currently pending before the Fifth Circuit. (Justice Rec. Docs. 122, 149)

Despite the ongoing litigation in this Court, KFC filed a complaint in March 2013 in the Eastern District of Kentucky alleging that Celtic was liable for damages to the cargo at issue in the Justice litigation (the "KFC litigation"). (KFC Rec. Doc. 1) In its complaint, KFC alleges that Celtic is liable for losses KFC sustained in connection with water damage to the coal that is the subject of this matter. KFC alleges Celtic knew the cargo was metallurgical coal, which requires a higher degree of care, but failed to instruct and/or inform the parties with which it contracted as to this need for care. (KFC Rec. Doc. 1, pps. 2-3, ¶¶ 7, 18)  KFC also alleges that, in addition to Celtic's contractual duty to procure suitable barges for the cargo, Celtic, as an entity who controlled and handled the coal during transport and storage, also incurred duties to ensure that the coal was delivered and suitably protected, and that Celtic breached those duties. (Rec. Doc. 1, p. 4, ¶ 21) Further, KFC

3

alleges that as of the February Settlement Agreement in this matter, it was contemplated that Celtic would store the coal pending KFC's ability to find a buyer, and that Celtic negligently stored the coal. (Rec. Doc. 1, p. 2, ¶ 10)

In lieu of answering the complaint, Celtic filed a motion to transfer the KFC litigation to this Court, and the Kentucky Court granted the motion and transferred the case in November 2013. (KFC Rec. Doc. 22) Following the transfer, Celtic answered the complaint and filed a counterclaim against KFC alleging that KFC is liable for bad faith breach of contract based on its alleged failure to honor numerous contractual obligations to Celtic.

Shortly after the transfer, the Court held a conference with the parties to set a briefing schedule (KFC Rec. Doc. 38), and Celtic filed the instant motion for summary judgment in accordance with that schedule. KFC's opposition to the motion for summary judgment contained as an exhibit the affidavit of Stephen Ball, Vice President of Operations of KFC and Justice. In response, Celtic filed a motion to strike the affidavit, which the Court will consider in conjunction with the motion for summary judgment. (KFC Rec. Doc. 51)

## PARTIES' ARGUMENTS

Celtic argues that it is merely a supplier of transportation; therefore, it may not be held liable for any

damage to KFC's cargo under any of the contracts governing the movement of cargo at issue in this litigation. Celtic cites to several cases wherein other courts have concluded that, under the terms of the same or similar contracts to those at issue here, Celtic cannot be held liable for damage to cargo. *F&S International Inc., v. M/V Feng Chang*, No. 96-2662, 1997 WL 539918 (E.D. La., Aug. 29, 1997)(McNamara, J.); *Larpen Metallurgical Service, Inc. v. China Ocean Shipping Co.*, No. 96-3473, 1998 WL 57050 (Feb. 11, 1998, E.D. La. 1998)(Vance, J.); *Federal Insurance Company a/s/o Larpen Metallurgical Service v. China Ocean Shipping Co.*, No. 98-1476, slip op. (E.D. La. Dec. 8, 1999)(Lemmon, J.); *Continental Ins. Co. v. Barge OR-5004,* No. 94-3357, 1996 WL 5712 (E.D. La., Jan. 5, 1996)(Clement, J.); *Macsteel International USA Corporation v. Barge RF 347 B*, No. 00-0585, 2001 WL 40894 (E.D. La., Jan. 16, 2001)(McNamara, J). Celtic further cites to *Intermetals Corp. v. Bargelink, LLC*, No. 03-2459, 2004 WL 2480487 (E.D. La. Nov. 3, 2004)(Berrigan, J.) to support the proposition that, after applying the COGSA test, it is clear that Celtic is not a carrier and is not liable for damage to the cargo. *Intermetals Corp.*, 2004 WL 2480847 at *4. Under *Bargelink*, Celtic argues that as a supplier of transportation, there is no restriction on its ability to contractually waive liability for damage, thus the damage

5

liability waivers in the contracts at issue should be valid. *Id.* at 5.

KFC argues that nothing in the contracts at issue precludes Celtic from being held liable for its own negligence in arranging transportation. KFC argues that it does not seek to hold Celtic liable as a carrier, rather it seeks to hold Celtic liable for its negligent hiring of barge owners who were not equipped to handle cargo requiring a higher standard of care and failing to ensure that the barge owners/operators exercised proper care. Further, KFC contends that, inasmuch as Celtic was charged with storing the cargo after the confection of the settlement agreements in the Justice litigation, it is liable for negligence because it allowed the coal to sit in standing water. Finally, KFC argues that Celtic's contention that it is not liable for consequential damages under the contracts fails because the damages sought are direct damages.

Celtic argues in reply that the contracts at issue clearly outline the sole duties of Celtic, and KFC's claims attempt to create duties that do not exist. Celtic avers that its only duty was to arrange for transportation on barges that are of a type and condition suitable for the cargo. Further, Celtic argues that KFC opted for open barges and agreed that loading the barge constituted acceptance of the barge. Celtic further argues that

KFC contractually agreed to waive liability not only for fault of the carrier, but also for breach of contract, breach of warranty of workmanlike performance, or unseaworthiness of the carrier's barges. Further, Celtic points out that the record contains no evidence that Celtic had any control over the operation of the barges, thus they cannot be liable for the water damage that ensued. Finally, Celtic argues that KFC's argument that the damages it seeks are not consequential is baseless.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at

1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See,*

*e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

**A. Summary Judgment Motion**

The 2011 Service Agreement states in pertinent part:

**CLEANING AND ACCEPTANCE:** Seller [Celtic] shall tender barges of a type and condition suitable for the cargo to be carried. Loading of the barges shall constitute Buyer's [KFC's] acceptance of the condition and suitability of the barges for the intended cargo.

[...]

**LOADING AND UNLOADING:** Proper loading of cargo shall be Buyer's [KFC's] responsibility[...].

[...]

**CARGO:** Seller [Celtic] does not have exact knowledge of the quantity, quality, condition, contents or value of the Cargo. No claims for variance of weight due to shrinkage shall be allowed. [...] Seller [Celtic] shall not be liable for rust, oxidation or any damage to any cargo arising out of, related to, or due to inherent vice, condensation, or atmospheric conditions.

[...]

**CARRIER LIABILITY:** Carrier shall be liable for any loss of or damage to the shipment herein described to the extent provided by the common law as modified by the statutes of the United States in accordance with the terms and provisions contained in this Contract and in the bill of lading under which the shipment is transported. [...]Seller [Celtic] is not the Carrier and assumes no responsibility as Carrier. Accordingly, Buyer [KFC] agrees that it shall not have any right of recovery and shall not file suit or initiate legal action against Seller for any damages or losses incurred due to Carrier's fault, breach of Contract, breach of warranty or workmanlike performance, or unseaworthiness of Carrier's barge(s).

(Rec. Doc. 40-2, pps. 12-13)

Based on the above-cited provisions, the Court finds that Celtic cannot be held liable for damage to the cargo. The Court reaches this conclusion after considering the contracts at issue as well as a very similar factual scenario in *Intermetals Corp. v. Bargelink*. *Bargelink* involved a contract between three entities: the plaintiff, Intermetals; the carrier, ACBL; and the supplier of transportation, Bargelink. *Intermetals Corp.*, 2004 WL 2480487 at *1. Bargelink organized the logistics of shipping Intermetals's coils on ACBL's barges, and after the coils were loaded, the barge took on water and the coils were damaged. *Id.* at *1-*2. Intermetals filed suit against Bargelink alleging claims similar to those asserted in the instant case, and the court entered summary judgment in favor of Bargelink, finding that: (1) Bargelink was not a carrier under COGSA as a matter of law; (2) because Bargelink was not a carrier, it was not subject to restrictions on waivers of liability; and (3) the contract between ACBL, Bargelink, and Intermetals included a waiver of all of Intermetals's claims.[2] *Id.* at *2, *4.

---

[2] The <u>Bargelink</u> contract stated, in pertinent part, that :

[l]oading of the barges shall constitute [Plaintiff's] acceptance of the condition and suitability of the barges for the intended cargo.

Here, there is no evidence that Celtic is the carrier, and, in fact, Justice does not urge the Court to make such a finding. Two conclusions flow from the conclusion that Celtic is not a carrier: (1) Celtic was free to include waivers of liability in its contracts, and (2) Celtic had no duty to manage or supervise operations on the barge because the duty described in the contract extends only to the task of finding suitable barges. Thus, Celtic cannot be held liable under any theory that it failed to "discover deficiencies in those barge owners/operators' operating and maintenance procedures; and failure to ensure that those barge owners/operators exercised proper care in handling coal and maintaining the loaded barges," because Celtic had no duty to oversee operations after having arranged for the barges. (KFC Rec. Doc. 43, p. 2)  Further, Celtic cannot be held liable for "negligent hiring of barge owners/operators not equipped to deal with cargo that required a higher standard of care in

---

[...]

[Defendant] Supplier's engagement is limited to arranging with the Carrier for the transportation services herein provided, and Supplier shall have no liability for loss, damage or delay to the shipment, howsoever occurring, after the shipment has been loaded on board the Carrier's barges. Not withstanding the above, should any claims by [Plaintiff] Shipper arise from handling or stowage, wherever occurring, Shipper specifically also agrees to pursue said claims against the actual cargo handlers or cargo stowers, such as vessel owner's, stevedores or barge terminal operators and [Defendant] Supplier shall not be responsible for any such claims.

Id. *5 (alterations in original).

11

handling" because once Celtic arranged for the barges, and once KFC loaded the cargo, KFC impliedly accepted the barges as suitable, thereby waiving future claims for damages to the coal. *See Intermetals*, 2004 WL 2480487 at *5. Rather, as is clearly laid out in all of the contracts, it is the "Carrier [that] shall be liable for any loss of or damage to the shipment," not Celtic. (Rec. Doc. 40-2, pps. 12-13) Accordingly, KFC's claims against Celtic must be dismissed.

As to Celtic's motion for summary judgment on its counterclaims against KFC, the Court continues to hold those claims under advisement and will defer ruling at this time.

### B. Motion to Strike Ball Affidavit

Because the Court did not rely on the affidavit of Stephen Ball in rendering this order, the motion to strike will be denied as moot.

Accordingly,

**IT IS ORDERED** that Celtic Marine Corporation's **Motion for Summary Judgment (Rec. Doc. 40)** is **GRANTED IN PART.** KFC's claims against Celtic are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Celtic's **Motion to Strike Memorandum in Opposition (Rec. Doc. 46)** is **DENIED AS MOOT.**

New Orleans, Louisiana this 27th day of May, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE