UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

KENTUCKY FUEL CORP.                              CIVIL ACTION

VERSUS                                           NO: 13-6538

CELTIC MARINE CORP.                              SECTION: **"J"** (2)


                         **ORDER & REASONS**

   Before the Court is Celtic Marine Corporation ("Celtic")'s **Motion for Summary Judgment (Rec. Doc. 40)**, Kentucky Fuel Corporation ("KFC")'s opposition to the motion (Rec. Doc. 43), Celtic's reply memorandum (Rec. Doc. 48), and KFC's sur-reply memorandum. (Rec. Doc. 54) The motion was set for hearing on May 7, 2014, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion for summary judgment should be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth more fully below.

                    **FACTS AND PROCEDURAL BACKGROUND**

   This matter involves a series of contract disputes between Celtic and KFC arising from an initial agreement for Celtic to

                                    1

arrange for the transport of KFC's metallurgical coal in barges along inland rivers. The Court is well-acquainted with the facts of this matter, thus only the pertinent facts will be summarized below.

The litigation of the contracts at issue commenced in 2011 when Celtic filed a breach of contract action against James C. Justice Companies, Inc. ("Justice"), KFC's parent company. (Civil Action 11-3005, the "Justice litigation").[1] The matter was resolved in February 2012 via a settlement agreement between KFC, Justice, and Celtic wherein KFC agreed to enter into a second service agreement with Celtic and to pay continuing demurrage pending the removal of the cargo from the barges at issue, and Justice agreed to make certain settlement payments and to guarantee KFC's demurrage payments. KFC and Justice failed to perform the entirety of the obligations entailed in the February Settlement Agreement, so, in October 2012, another settlement agreement was confected wherein KFC and Justice agreed to make certain settlement payments, and KFC and Justice each guaranteed the debts of the other. In January 2013, alleging that Justice had breached the settlements, Celtic successfully moved the Court to re-open the matter to enforce the settlement agreements.

---

[1] References to documents from the Justice litigation's docket will be denoted as "Justice Rec. Doc." and references to documents from the KFC litigation's docket will be denoted  "KFC Rec. Doc."

2

(Justice Rec. Docs. 11, 46)

In September 2013, the Court entered a partial final judgment in the Justice litigation in favor of Celtic, leaving some issues to be resolved after further briefing. (Justice Rec. Doc. 105) Following several motions to amend the judgment with respect to the precise dollar amount owed, the Court subsequently entered amended partial final judgments in November 2013 and March 2014. (Justice Rec. Docs. 121, 136, 145) Justice appealed those judgments, and its appeals are currently pending before the Fifth Circuit. (Justice Rec. Docs. 122, 149). The Court recently resolved the issues that the initial judgment did not resolve, presumably putting the Justice litigation to an end at the district court level.[2] (Justice Rec. Doc. 177)

Despite the ongoing litigation in this Court, KFC filed a complaint in March 2013 in the Eastern District of Kentucky alleging that Celtic was liable for damages to the cargo at issue in the Justice litigation (the "KFC litigation"). (KFC Rec. Doc. 1) In lieu of answering the complaint, Celtic filed a motion to transfer the KFC litigation to this Court, and the Kentucky Court granted the motion and transferred the case in November 2013. (KFC Rec. Doc. 22) Following the transfer, Celtic answered the

---

[2] Celtic does, however, have the right to file a motion for attorney's fees in this Court following the resolution of Justice's appeals. (Justice Rec. Doc. 176)

complaint and filed a counterclaim against KFC alleging that KFC is liable for breach of contract based on its alleged failure to honor numerous contractual obligations to Celtic. Celtic filed a motion for summary judgment on both KFC's claims and its own counterclaims, and the Court granted the motion with regard to KFC's claims and took the motion under advisement with regard to Celtic's counterclaims. (KFC Rec. Doc. 57) It is those counterclaims that the Court considers today.

## PARTIES' ARGUMENTS

Celtic contends that it is entitled to judgment as a matter of law on all its claims. Celtic essentially asserts three claims: (1) that KFC is liable for its breach of the five contracts and two settlement agreements at issue; (2) that KFC is liable for its breach of the guaranty executed in connection with the October settlement agreement, and (3) that KFC is liable for bad faith breach of contract under Louisiana Civil Code Article 1997. KFC's opposition to the motion is brief, and KFC only argues that such claims are barred under the doctrines of *res judicata* and *lis pendens*. If these arguments are unsuccessful, KFC seeks to adopt the arguments advanced by Justice in the Justice litigation.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence

of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

**A. *Res Judicata* Defense**

As to Celtic's two claims that: (1) KFC is liable for its breach of the five contracts and two settlement agreements at issue, and (2) KFC is liable for its breach of the Guaranty executed in connection with the October Settlement Agreement, the Court will grant Celtic's motion for summary judgment. KFC argues that the doctrine of *res judicata* bars these claims because final judgments have already been entered regarding Justice's liability

6

in connection with the same contracts. This argument fails on three points.

First, KFC presumably contends that KFC and Justice are in privity and should be treated as the same party for the purposes of the *res judicata* analysis.[3] KFC does not, however, support this assertion with a single fact, and "the privity requirement necessitates a close factual examination of the relationships of the parties." *New York Life Ins. Co. v. Deshotel*, 946 F. Supp. 454, 463 (E.D. La. 1996) *aff'd*, 142 F.3d 873 (5th Cir. 1998). Without any facts to consider, the Court is unable to determine whether or not KFC and Justice are in privity, and accordingly cannot apply the doctrine *res judicata*.

Second, the doctrine of *res judicata* generally seeks to prevent re-litigation of claims by *unsuccessful litigants* against *successful litigants,* which differs from the situation at hand where a successful litigant seeks to bring additional, related claims against a second party who was not a litigant in the first action. 18 Fed. Prac. & Proc. Juris. § 4403 (2d ed.) ("[F]or the most part, attention is focused on the need to protect a

---

[3] The Fifth Circuit "has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

victorious party against oppression by a wealthy, wishful, or even paranoid adversary. Some opinions reflect an additional concern with protecting an unsuccessful party against his own folly in risking a second try.")  Celtic does not seek to arbitrarily bind KFC to the judgment rendered in the Justice litigation, and in fact, as KFC is a nonparty to that suit, likely cannot do so. *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) Rather, Celtic simply seeks to bring claims arising from the same core of operative facts against KFC. In support of these claims, because they are so similar to the claims against Justice, the Court may consider the prior judgments rendered in the Justice litigation  as highly relevant and persuasive evidence; however, that is the extent of the judgments' weight. *See* 18A Fed. Prac. & Proc. Juris. § 4449 (2d ed.) (noting that prior judgments against others carry "the ordinary precedential weight of stare decisis and in some special settings may achieve a particularly potent force that approaches preclusion under the name of stare decisis.") Therefore, while the Court may look to the judgments for guidance, that act should not be confused with a situation where the Court binds a non-party to a judgment in contravention of the doctrine of *res judicata*.

   Finally, Justice's *res judicata* argument fails because KFC is liable to Celtic not only based on its breach of the contracts

that have been litigated in the Justice litigation, but also based on its breach of the guaranty that it signed in connection with the October Settlement Agreement. KFC's breach of the guaranty has not yet been litigated; and, further, it is clear that KFC did not perform as contemplated in the guaranty.[4] Therefore, KFC is liable on this basis alone. Accordingly, the Court finds that Celtic's counterclaims are proper. Though Celtic's litigation strategy may not be the most efficient, KFC has not pointed to any rule limiting Celtic's ability to file claims against KFC for their independent breaches of contract on the grounds that similar claims have been litigated against Justice.

Having found that Celtic's counterclaims are properly asserted against KFC, the Court must address whether summary judgment is appropriate on these claims.[5] The Court does not see

---

[4] In the guaranty, KFC guaranteed to Celtic "prompt and satisfactory performance of all of James C. Justice Companies, Inc's contractual obligations and liabilities to Celtic Marine, and agrees to be made jointly, severally, and solidarily liable with Justice for the obligations and debts owed by Justice to Celtic Marine." Justice has not paid its liabilities to Celtic; therefore, KFC clearly is, and does not argue that it is not, bound to guarantee performance of those obligations.

[5] As noted above, KFC seeks to incorporate by reference the arguments advanced by Justice in the Justice litigation, and Celtic contends that such incorporation is improper. As pure commentary, the Court notes that the parties appear to make each other's arguments, as the arguments that Justice fights to incorporate and that Celtic fights to keep out, ultimately won Celtic a multi-million dollar judgment. Regardless of this irony, the Court finds that it is proper to incorporate and refer to its own orders and reasons and apply them herein to the extent that they are relevant, rendering the parties' similar arguments moot because the Court need not consider Justice's

any reason to re-analyze these claims in their entirety because KFC's liability under these contracts is co-extensive with Justice's liability regardless of whether KFC's liability stems from its own breach of the previously litigated contracts[6] or from its breach of the Guaranty. Therefore, KFC is jointly liable with Justice to the following extent:

- Under the February Settlement Agreement, under which KFC was bound to pay continuing demurrage to Celtic, KFC is liable to pay all outstanding demurrage, which totals $672,600.00. (Justice Rec. Doc. 176, p. 4)

- Under the 2012 Service Agreement, KFC owes liquidated damages/shortfall for failing to ship any cargo under the agreement in the amount of $2,416,866.51. (Justice Rec. Doc. 144, p. 6).

- Under the various contracts, KFC owes fees for cover handling and barge cleaning costs in the amount of $10,544.74. (Justice Rec. Doc. 176, p. 4)

- Under the terms of the various outstanding invoices, KFC is liable for interest on all invoiced sums arising from the February Settlement Agreement, the 2012 Spot Contracts, the 2012 Service Agreements, the October Settlement Agreement, and the Guaranty it signed in connection with the October Settlement Agreement

---

incorporated arguments again.

[6] With only irrelevant exceptions, Justice incurred liability based on KFC's breaches; therefore, the liability of KFC and of Justice is co-extensive.  It is worth noting at this time that, with the exception of a dispute over whether untimely payments under the October Settlement Agreement constituted a "breach," KFC and Justice have never contended, nor does KFC contend now, that Justice and KFC did not breach the contracts at issue. Rather, the disputes in this matter have largely revolved around the damages owed in light of those breaches.

- that became due after February 24, 2014 at the contractual rate of 1.5%. (Justice Rec. Doc. 176, p. 9) This interest will accrue until the underlying debts are satisfied.

- Under the various contracts, KFC will further be liable for attorney's fees. The Court will defer ruling on the exact amount owed, however, until any appeals have been completed.

- Prejudgment interest will be awarded at a rate of 4% per year on all demurrage and cover charges owed starting on the day the sum became due and ending on the day the debt is satisfied.

The Court reminds the parties at this time that Celtic's request to recoup the "February discount" was denied in the Justice litigation because Celtic is not permitted to reach back beyond the Settlement. (Justice Rec. Doc. 176, pps. 4-7) Because the same is true in this case, the Court will deny Celtic's claims inasmuch as it seeks to collect the "February discount." Further, the Court emphasizes that Celtic is not entitled to double recovery, such that any judgment against KFC will be reduced by payments made by Justice, and vice versa.

### B. Bad Faith Claims

As to the third and final issue, the Court will deny Celtic's motion in as much as it seeks a judgment awarding damages for bad faith breach of contract. Celtic alleges that KFC breached its contracts with Celtic in bad faith when it filed suit in Kentucky and when it sought damages for damage to the

cargo that were clearly barred under the relevant contracts. Even assuming that KFC did breach these contracts, Celtic does not indicate what damages it incurred from the alleged breach except that it incurred additional attorney's fees. (KFC Rec. Doc. 26, p. 27, ¶ 91) As Louisiana courts have repeatedly held, Louisiana Civil Code Article 1997's "foreseeable damage" provision does not include an award of attorney's fees; therefore, it appears that Celtic is overreaching when making this claim. *David Y. Martin, Jr., Inc. v. Heublein, Inc.*, 943 F. Supp. 637, 644 (E.D. La. 1996)("article 1997 does not provide for attorney fees.") Accordingly, summary judgment will be denied as to this claim, and the bad faith claims will be dismissed.

Accordingly,

**IT IS ORDERED** that Celtic's **Motion for Summary Judgment (Rec. Doc. 40)** is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Celtic's claims for bad faith breach of contract are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall **jointly submit** a proposed form for a final judgment that reflects the Court's findings both in the instant order and in its Order and Reasons dated May 27, 2014 (Rec. Doc. 57). The proposed form shall be jointly filed into the record **within ten (10) days** of this Order and Reasons. Following the receipt of the joint, proposed final

judgment, the Court will enter a final judgment in this matter.

New Orleans, Louisiana this 4th day of June, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE