UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENTUCKY FUEL CORP.                         CIVIL ACTION

VERSUS                                      NO: 13-6538

CELTIC MARINE CORP.                         SECTION: **"J"** (2)


<u>**ORDER & REASONS**</u>

Before the Court is Celtic Marine Corporation (Celtic)'s
**Motion for Order Permitting Registration of Judgment for
Enforcement in Virginia and South Carolina (Rec. Doc. 70)**,
Kentucky Fuel Corporation (KFC)'s opposition (Rec. Doc. 72), and
Celtic's reply. (Rec. Doc. 75) Having considered the motion and
memoranda of counsel, the record, and the applicable law, the
Court finds that the motion should be **GRANTED** for the reasons set
forth more fully below.

<u>**FACTS AND PROCEDURAL BACKGROUND**</u>

This matter involves a series of contract disputes between
Celtic and KFC arising from an initial agreement for Celtic to
arrange for the transport of KFC's metallurgical coal in barges
along inland rivers. The Court is well-acquainted with the facts
of this matter, thus only the pertinent facts will be summarized
below.

The litigation of the contracts at issue commenced in 2011 when Celtic filed a breach of contract action against James C. Justice Companies, Inc. (Justice), KFC's parent company. (Civil Action 11-3005, the "Justice litigation").[1] The matter was resolved in February 2012 via a settlement agreement between KFC, Justice, and Celtic wherein KFC agreed to enter into a second service agreement with Celtic and to pay continuing demurrage pending the removal of the cargo from the barges at issue, and Justice agreed to make certain settlement payments and to guarantee KFC's demurrage payments. KFC and Justice failed to perform the entirety of the obligations included in the February Settlement Agreement, so, in October 2012, the parties confected another settlement agreement in which KFC and Justice agreed to make certain settlement payments, and KFC and Justice each guaranteed the debts of the other. In January 2013, alleging that Justice had breached the settlements, Celtic successfully moved this Court to re-open the matter to enforce the settlement agreements. (Justice Rec. Docs. 11, 46) This resulted in judgments in favor of Celtic against Justice. (Justice Rec. Docs. 145, 177) Justice filed multiple appeals. (Justice Rec. Doc. 189-1, p. 2)

---

[1] References to documents from the Justice litigation's docket will be denoted as "Justice Rec. Doc." and references to documents from the KFC litigation's docket will be denoted "KFC Rec. Doc."

Despite the ongoing litigation in this Court, KFC filed a complaint in March 2013 in the Eastern District of Kentucky alleging that Celtic was liable for damages to the cargo at issue in the Justice litigation (the "KFC litigation"). (KFC Rec. Doc. 1) In lieu of answering the complaint, Celtic filed a motion to transfer the KFC litigation to this Court, and the Kentucky Court granted the motion and transferred the case in November 2013. (KFC Rec. Doc. 22) Following the transfer, Celtic answered the complaint and filed a counterclaim against KFC alleging that KFC is liable for breach of contract based on its alleged failure to honor numerous contractual obligations to Celtic. Celtic filed a motion for summary judgment on both KFC's claims and its own counterclaims, and the Court granted the motion with regard to KFC's claims and (KFC Rec. Doc. 57) and later granted in part and denied in part the motion with regard to Celtic's counterclaims. (KFC Rec. Doc. 59) The Court entered final judgment in favor of Celtic on June 18, 2014. (KFC Rec. Doc. 61)

Seeking to enforce the Court's judgment in its favor, on June 30, 2014, Celtic moved this Court for an order permitting registration of the June 18, 2014, final judgment in the district courts of "Kentucky, Virginia, West Virginia, South Carolina, as well as other states" in which KFC or Justice has assets. (KFC Rec. Doc. 62) The Court granted the motion with respect to

3

Kentucky and West Virginia. (KFC Rec. Doc. 66) The Court denied

the motion in other respects, however, finding that Celtic failed

to show good cause to register the judgment in the other states.

Id.

Celtic, still wishing to enforce this Court's June 18, 2014,

judgment in its favor, reurged its Motion for an Order Permitting

Registration of the Judgment in Virginia and South Carolina. (KFC

Rec. Doc. 70) KFC opposed the motion (KFC Rec. Doc. 72), and the

Court permitted Celtic to file a reply. (KFC Rec. Docs. 74, 75)

**LEGAL STANDARD**

Under 28 U.S.C. § 1963, a judgment creditor may register a

district court's judgment for the recovery of money or property

"when the judgment has become final by appeal or expiration of

the time for appeal or when ordered by the court that entered the

judgment for good cause shown." Id. Although the statute does not

define "good cause," "[c]ourts have interpreted [it to require]

'a mere showing that the defendant has substantial property in

the other [foreign] district and insufficient [property] in the

rendering district to satisfy the judgment.'" Hockerson-

Halberstadt, Inc. v. Nike, Inc., No. CIV.A.91-1720, 2002 WL

511542, at *1 (E.D. La. Apr. 3, 2002) (citing Jack Frost Labs.,

Inc. v. Physicians & Nurses Mfg. Corp., 951 F. Supp. 51, 52

(S.D.N.Y. 1997)). The judgment creditor may make the requisite

4

"showing" of good cause by asserting in its motion that the judgment debtor lacks assets in the rendering district and has substantial assets in the registering district. See Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 373 (7th Cir. 1991)(finding that, in the absence of a bond, the moving party's assertions in its motion as to a lack of assets in the rendering district and substantial property in other districts constituted "good cause"); Lear Siegler Servs. v. Ensil Int'l Corp., No. SA-05-CV-679-XR, 2010 WL 2594872, at *1 (W.D. Tex. June 23, 2010). A judgment debtor's refusal to post a supersedeas bond further supports the existence of good cause. See id.; Henckels & McCoy, Inc. v. Adochio, No. Civ. 94-3958, 1997 WL 535800, at *2 (E.D. Pa. July 31, 1997). A court's decision of whether there exists good cause to allow registration of a judgment not yet final by appeal lies in the court's discretion. Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negrara, No. Civ.A. H01-0634, 2002 WL 32107930, at *1 (S.D. Tex. Feb. 20, 2002)(citing Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001)).

## DISCUSSION

Celtic moves the Court to permit registration of its June 18, 2014, judgment in Virginia and South Carolina. Celtic argues that good cause exists under 28 U.S.C. § 1963 because neither

Justice nor KFC has posted bond to stay enforcement of the more than $3,000,000 in judgments against them pending appeal; a search revealed no assets of KFC or its parent company, Justice, in Louisiana; and the search revealed "substantial assets of Justice in both South Carolina and Virginia." (KFC Rec. Doc. 70-1, p. 3) Because "Justice is the joint and solidary obligor, as well as guarantor, of KFC," Celtic argues that this Court should permit registration in these districts where Justice possesses substantial assets. Id.

In opposition, KFC asserts that the Court lacks good cause. KFC stresses the general rule that only judgments that have become final  by appeal or by expiration of the time for appeal may be registered for enforcement in other districts. KFC argues that the only exception to this rule, the "good cause" exception, does not apply here because Celtic has not shown that KFC possesses substantial assets in Virginia and South Carolina and the assets of KFC's parent company, Justice, in those states are irrelevant to the instant motion.

The Court finds that there exists good cause to permit Celtic to register the June 18, 2014, judgment in Virginia and South Carolina. First, Celtic asserts that KFC and its parent company, Justice, lack assets in the rendering district, Louisiana. (KFC Rec. Doc. 70, p. 2) Second, Celtic attests to

Justice's substantial assets in the registering districts, Virginia and South Carolina. Id. at 2-3. Justice does not refute these assertions. Instead, Justice argues that the statements Celtic provides in its motion regarding Justice's substantial assets do not meet the standard under 28 U.S.C. § 1963. However, as the Court noted in its July 18, 2014, Order and Reasons (KFC Rec. Doc. 66), that is not the case. See Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 371-72 (7th Cir. 1991). And although it is true that it is Justice that possesses the substantial assets in Virginia and South Carolina, Justice is the joint and solidary obligor, as well as guarantor, of KFC. (KFC Rec. Doc. 70-1, p. 3) Finally, neither Justice nor KFC have posted supersedeas bonds with relation to any of their pending appeals.[2] Therefore, this Court will exercise its discretion to permit Celtic to register its June 18, 2014, judgment in Virginia and South Carolina.

Accordingly,

**IT IS ORDERED** that Celtic Marine Corporation's **Motion for Order Permitting Registration of Judgment for Enforcement in Virginia and South Carolina (Rec. Doc. 70)** is hereby **GRANTED**.

---

[2] For a more thorough discussion of the relevancy of a party's failure to post bond, see this Court's July 18, 2014, Order and Reasons. (KFC Rec. Doc. 66)

New Orleans, Louisiana this 15th day of September, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE